IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MERCER I CONDO ASSOCIATION, INC. | § § § | |
| Plaintiff, | § § | |
| v. | § | CAUSE NO. _____ |
| | § § | |
| NATIONAL SURETY CORPORATION Defendant. | § § | |

## DEFENDANT NATIONAL SURETY CORPORATION'S NOTICE OF REMOVAL

Defendant National Surety Corporation ("National Surety") files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and as grounds for removal respectfully shows:

## I.
## PROCEDURAL BACKGROUND

1.     On September 10, 2010, Mercer I Condo Association, Inc. filed Plaintiff's Original Petition identifying Defendant National Surety Corporation in the 333d Judicial District Court of Harris County, Texas, in Cause No. 2010-55790 ("the State Court Action"). Plaintiff's Original Petition was never served on National Surety. There was a jury demand in the State Court Action.

2.     On September 22, 2010, Defendant National Surety Corporation ("National Surety") was served with a copy of a Citation (Exhibit A) and Plaintiff's First Amended Petition (Exhibit B).

3.     Defendant National Surety filed its Original Answer, Affirmative Defenses and Jury Demand on October 18, 2010 in the State Court Action (Exhibit C).

4.     Defendant National Surety filed a Notice of Removal in the State Court Action on October 19, 2010.

## II.
## NATURE OF THE SUIT

5. This lawsuit involves a dispute over the payment of insurance proceeds and the handling of Plaintiff's insurance claim resulting from alleged damage to Plaintiff's property caused by Hurricane Ike. Plaintiff claims that National Surety allegedly breached the applicable insurance contract and violated the Texas Insurance Code and Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA"). Plaintiff also alleges that National Surety committed such acts "knowingly."

## III.
## BASIS FOR REMOVAL

6. This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by Defendant National Surety pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Upon information and belief, Plaintiff was, at the time this action was commenced, and still is a citizen of the State of Texas. Plaintiff's First Amended Petition alleges that Plaintiff's property is located at 3388 Sage Road in Houston, Texas.[1] According to the records of the Secretary of State, Plaintiff is also a not-for-profit corporation organized under the laws of the State of Texas. Therefore, Plaintiff is, and was at the time suit was filed, a citizen of the State of Texas

8. Defendant National Surety Corporation is an Illinois corporation with its principal place of business in Novato, California. Therefore, National Surety is, and was at the time suit was filed, a citizen of the State of Illinois and California.

---

[1] *See* Plaintiff's First Amended Petition, Ex. E to Defendant's Notice of Removal, at ¶ II.

9.   Plaintiff's First Amended Petition indicates that the amount in controversy exceeds $75,000.

10.  This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed by National Surety pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## IV.
## REMOVAL IS PROCEDURALLY CORRECT

11.  Plaintiff commenced this action on September 10, 2010. On September 22, 2010, Defendant National Surety was served with a copy of a Citation and Plaintiff's First Amended Petition. Defendant National Surety filed an Original Answer on October 18, 2010 and a Notice of Removal in the State Court Action on October 19, 2010.

12.  This Notice of Removal is filed within the thirty-day statutory time period for removal.[2] Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, all pleadings, process, orders, and all other filings in the state court action are attached to this Notice. Copies of the pleadings filed in the State Court Action, prior to this Notice of Removal, are as follows Exhibits "A" (Citation for Defendant State Farm Lloyds), "B" (Plaintiff's First Amended Petition), "C" (Defendant State Farm Lloyds's Original Answer, Affirmative Defenses, and Jury Demand), and "D" (Docket Sheet in State Court Action).

13.  Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action was pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

14.  Pursuant to 28 U.S.C. § 1446(d), Defendant National Surety will provide prompt

---

[2] 28 U.S.C. § 1446(b).

3

written notice of the filing of this Notice of Removal to Plaintiff, and will file a notice with the Clerk of the 333d Judicial District Court of Harris County, Texas.

## V.
## CONCLUSION

15. Because both parties are diverse and because the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1132. As such, this removal action is proper.

16. On these grounds, Defendant State Farm Lloyds hereby removes the referenced State Court Action to this Court on the 19th day of October 2010.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

Christopher W. Martin
State Bar No. 13057620
Federal Bar No. 13515
martin@mdjwlaw.com

ATTORNEY-IN-CHARGE FOR
NATIONAL SURETY CORPORATION

OF COUNSEL:
P. Wayne Pickering
State Bar No. 15975030
Federal ID No. 12693
pickering@mdjwlaw.com
Christopher H. Avery
Texas State Bar No. 24069321
Federal Bar No. 1048590
avery@mdjwlaw.com
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of Defendant National Surety Corporation's Notice of Removal was sent via facsimile, on this the 19th day of October, 2010 to:

**VIA FAX: (713) 522-3605**
James C. Plummer
Plummer & Kuykendall
4203 Montrose Blvd., Suite 270
Houston, Texas 77006

**VIA FAX: (312) 494-0202**
Andrew M. Plunkett
Childress Duffy Goldblatt, Ltd.
500 North Dearborn Street, Suite 1200
Chicago, Illinois 60610

                                                      _____
                                                       Christopher H. Avery